IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

EUGENE THOMAS,

    Plaintiff,

v.

TODD THOMAS, Warden; PEGGY
ANN COOPER, Assistant Warden;
D. MOORE, Health Services Administrator;
ANITA ANDERSON, Nurse, and
Assistant Warden BARNES,

    Defendants.

CIVIL ACTION NO.: CV506-095

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Coffee Correctional Institution in Nicholls, Georgia, filed a complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which

AO 72A
(Rev. 8/82)

relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that on June 30, 2006, he informed Defendant Thomas of a "harassment issue" involving a Captain Dean. Plaintiff asserts that as he was completing a witness statement form, two unidentified officers appeared and instructed him to accompany them to medical, despite the fact that "nothing was wrong" with him. Plaintiff avers that the officers left, but that later that day he received an invoice for a $5.00 medical co-pay assessment and that on July 5, 2006, the $5.00 was taken from his trust account. Plaintiff contends that he appealed to Defendant Thomas, Defendant Cooper, Defendant Moore, and Defendant Anderson regarding this matter, but none have responded. Plaintiff

2

AO 72A
(Rev. 8/82)

contends that "they" have retaliated against him for filing a complaint against Captain Dean and have misappropriated his trust account funds without due process of law.

While Plaintiff has stated cognizable claims against Defendants Thomas, Cooper, Moore, and Anderson, he has failed to sufficiently allege any constitutional violation by Defendant Barnes. Plaintiff has simply named Barnes as a defendant without making any factual allegations against this individual. It appears that Plaintiff seeks to hold Barnes liable based solely on a supervisory role. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or where there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802.

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claim against Defendant Barnes be **DISMISSED**.

Plaintiff's remaining claims are addressed in an Order of even date.

So **REPORTED** and **RECOMMENDED**, this 4th day of January, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)